UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CAMERON FANNING,<br><br>Defendant. | 3:21-CR-30110-RAL<br><br>OPINION AND ORDER GRANTING MOTION FOR REDUCTION IN SENTENCE |

On July 19, 2022, this Court sentenced Defendant Cameron Fanning to 36 months of imprisonment for prohibited person in possession of a firearm followed by three years of supervised release. Doc. 38. At the time of the sentencing, Fanning was in Criminal History Category III with a guideline range of 30 to 37 months. The retroactive change to § 4A1.1(e) of the United States Sentencing Commission's Guidelines Manual has the effect of placing Fanning in Criminal History Category II, where his guideline range would have been 27 to 33 months.

Fanning filed a Motion for Reduction in Sentence, Doc. 45, proposing a reduction to a 32-month sentence, one month below the top end of the amended guideline range. The United States does not contest Fanning's eligibility to be considered for a sentence reduction but resists any reduction in Fanning's sentence due to his dangerousness and behavior issues in custody. Doc. 51. Fanning has filed a reply arguing for the proposed sentence reduction. Doc. 52. This Court of course exercises its independent judgment on whether to grant a sentence reduction and the extent of any such reduction.

1

In <u>Dillon v. United States</u>, 560 U.S. 817 (2010), the Supreme Court of the United States addressed the process for application of a retroactive guideline amendment, emphasizing that U.S.S.G. § 1B1.10 is binding. The Supreme Court required any "reduction [to] be consistent with applicable policy statements issued by the Sentencing Commission" and directed district courts to follow a two-step approach. <u>Id.</u> at 821. In the first step, a court must determine the inmate's eligibility for a modification and then determine the amended guidelines range. <u>Id.</u> At step two, § 3582(c)(2) instructs courts to consider applicable 18 U.S.C. § 3553 factors to determine whether the authorized reduction is warranted in whole or in part under the specific circumstances of the case. <u>Id.</u> at 827. The Supreme Court also observed:

> Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution.

<u>Id.</u> at 821 (quoting U.S.S.G. § 1B1.10(b)(2)(A)).

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in § 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Thus, a person who otherwise has 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while one who otherwise has 6 criminal history points or fewer receives no status points.

On August 24, 2023, the Commission decided that this change would apply retroactively. The Commission further directed that a court granting relief may not order the release of a defendant to occur any earlier than February 1, 2024. See § 1B1.10(e)(2) (Nov. 1, 2023).

Consistent with the amended U.S.S.G. § 4A1.1(e) and the analysis set forth in Dillon, Fanning meets the criteria for such a reduction. With that reduction, he gets 0 status points instead of 2, and has a total of 2 rather than 4 criminal history points. That places him in Criminal History Category II and reduces the advisory guideline range to 27 to 33 months. See U.S.S.G., Ch. 5, Pt. A (Sentencing Table).

Turning to step two, § 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. 1B1.10, cmt. n.1(B)(i). "The grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). Under the "Background" to U.S.S.G. § 1B1.10, "[t]he authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right." In the context of First Step Act reductions, the Eighth Circuit has ruled that "[o]nce a district court determines that a defendant is eligible for a sentence reduction, it has 'substantial discretion' to choose whether to reduce the sentence." United States v. Burnell, 2 F.4th 790, 792 (8th Cir. 2021) (citing United States v. Hoskins, 973 F.3d 918, 921 (8th Cir. 2020)); see United States v. Young, 555 F.3d 611, 614 (7th Cir. 2009).

Subject to the limits set forth in § 1B1.10(b), a court may consider all pertinent information in applying the § 3553(a) factors and determining whether and by how much to reduce a

defendant's sentence. <u>Dillion</u>, 560 U.S. at 821–22. Section 3553(a), in addition to requiring consideration of the applicable guidelines and policy statements of the Sentencing Commission, mandates the sentencing judge to consider:

>  (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>  (2) the need for the sentence imposed—
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>  (3) the kinds of sentences available;

18 U.S.C. § 3553(a).

The nature and circumstances of Fanning's offense were somewhat typical for a prohibited person in possession of a firearm case. Fanning had a prior violent felony offense for assaulting a federal officer by endangering officers through a vehicle chase where he struck two vehicles in an effort to elude tribal police. See <u>United States v. Fanning</u>, 3:19-CR-30108-RAL. Fanning was thus prohibited from possessing any firearm and was on supervised release in the assaulting-federal-officer case when he possessed a handgun. On August 6, 2021, Fanning was recklessly driving a red pickup truck prompting a Rosebud Sioux Tribe special agent to stop Fanning. A handgun was on the truck's center console, and DNA on the handgun matched Fanning. Fanning also had marijuana on him, and a user amount of methamphetamine was in the vehicle.

Fanning's personal history and characteristics include that he was raised on the Rosebud Indian Reservation by a single mother but was close to his father as well. Fanning was on an individualized education plan in school and dropped out after completing eighth grade. He had worked at a Subway franchise and in construction. He also had recently fathered a child when he was sentenced. Fanning early in life had developed substance abuse issues, particularly involving

alcohol, marijuana, and methamphetamine. Although his tribal history contributed no criminal history points, Fanning's tribal court record included aggravated assault, escape, failure to appear, resisting arrest, and marijuana possession. Fanning is young—just 24 when sentenced—and needs to undergo a major change in life where he leaves behind alcohol, drugs, guns, and violence.

The remaining sentencing factors of seriousness of the offense, promotion of respect for the law, just punishment, adequate deterrence, and protection of the public justify little reduction from the prior sentence. The United States notes in its response that public safety considerations may include considering the post-sentencing conduct or situation of the defendant, whether positive or negative, and notes Fanning's prison disciplinary record. Doc. 47 at 4–7. The Eighth Circuit has recognized that in evaluating a sentence reduction, a judge may consider post-conviction developments. See United States v. Darden, 910 F.3d 1064, 1067 (8th Cir. 2018) (opining "nothing prohibits a court from considering new facts that it had no opportunity to address the first time around"). Similarly, application note 1(B)(iii) to § 1B1.10 also directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after imposition of the [original] term of imprisonment." U.S.S.G. § 1B1.10, cmt. n.1(B)(iii). The application note explains that these factors are relevant in determining whether and by how much to reduce a sentence, but only within the limits set forth in § 1B1.10(b).

Some courts in the Eighth Circuit have denied sentence reductions because of a defendant's disciplinary problems. See, e.g., United States v. Boyd, 835 F.3d 791, 792 (8th Cir. 2016) (affirming denial of sentence reduction where district court had cited defendant's "extensive criminal history and record of misconduct while incarcerated, which included over thirty disciplinary violations" and had "[e]mphasiz[ed] the nature and seriousness of the danger to a person or the community that may be posed by a reduction in [defendant's] term of

imprisonment"); see also United States v. Harris, No. 20-3264, 2021 WL 5272693, at *2 (8th Cir. Nov. 12, 2021) (unpublished) (affirming denial of motion upon review of details of defendant's conduct, including disciplinary data); United States v. Tofiga, 807 F. App'x 597, 598 (8th Cir. 2020) (unpublished) (affirming district court grant of motion and sentence reduction to middle of new guidelines range, based in part on disciplinary infractions while incarcerated); United States v. Rivera-Moreno, 692 F. App'x 305, 307 (8th Cir. 2017) (unpublished) (affirming denial of reduction for inmate who, though eligible for sentence reduction, had "five disciplinary reports while incarcerated, including destroying property, refusing to obey an order, and assault without serious injury").

Fanning's Inmate Discipline Data report shows two disciplinary issues, including an April 30, 2023 incident of "possessing drugs/alcohol" and an October 12, 2022 incident of "assaulting [without] serious injury." Doc. 47 at 1. While these two disciplinary instances are concerning, Fanning's history of disciplinary issues does not, under the circumstances, disqualify him altogether from a modest sentence reduction. As his counsel notes, Fanning received sanctions from the Bureau of Prisons (BOP) for the behavior. Doc. 47 at 1; see Doc. 52 at 3–4. Fanning to his credit has actively taken classes while in BOP custody to pursue his GED, though he notes in a letter that his progress has been slowed by periodic lockdowns. Doc. 45 at 2; Doc. 47 at 2. Fanning would be well advised to behave himself in custody and generally to avoid being the cause of any lockdowns.

Retroactive application of the recent guidelines changes places Fanning in Criminal History Category II with a guidelines range of 27 to 33 months. This Court had imposed a 36-month sentence when the guidelines range was 30 to 37 months. To a certain extent, a motion of this nature prompts a sentencing judge to ponder what he or she would have imposed if in fact the

guideline range had been lower at the time of sentencing, mindful of what an inmate's behavior has been in custody. Here, this Court deems a sentence of 33 months, at the top end of the modified guideline range, to be sufficient but not more than necessary under the § 3553(a) factors. Despite Fanning being in Criminal History Category II under the amended guidelines, his tribal court history arguably makes Criminal History Category III more reflective of his actual criminal history and dangerousness. See U.S.S.G. § 4A1.3. A 33-month sentence is near the middle of the 30-to-37-month guideline range and at the top of the lower 27-to-33-month range under the amendments to the guidelines.

Hopefully, Fanning has matured a bit in custody and will take supervised release seriously upon completing his custodial sentence. If his behavior is similar to the last time he was on supervised release, Fanning will bear the consequences. Therefore, it is

ORDERED that Fanning's Motion for Reduction in Sentence, Doc. 45, is granted to the extent that the sentence is lowered from 36 months to 33 months of incarceration. It is further

ORDERED that the Probation and Pretrial Services Office prepare an Amended Judgment in a Criminal Case reflecting a sentence reduction from 36 to 33 months but making no other changes to the terms of the prior Judgment in a Criminal Case.

DATED this 11th day of March, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE